[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 7, 2006
THOMAS K. KAHN
CLERK

No. 06-12672
Non-Argument Calendar

_____

D. C. Docket No. 05-00025-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY WAYNE ALEXANDER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(December 7, 2006)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Anthony Wayne Alexander appeals his conviction and sentence for

possession of child pornography. Alexander argues that the evidence was not

sufficient to sustain his conviction and that the district court erred in its application of the Sentencing Guidelines. We affirm.

Because Alexander did not move for a judgment of acquittal, we will reverse only if the conviction was a manifest miscarriage of justice. United States v. Greer, 440 F.3d 1267, 1271 (11th Cir. 2006). We review the application of the Guidelines by the district court de novo and the findings of fact of the district court for clear error. United States v. Crawford, 407 F.3d 1174, 1177-78 (11th Cir. 2005).

Alexander argues that the evidence is not sufficient to sustain his conviction for three reasons. First, Alexander argues that the government failed to establish the chain of custody of his computer. Second, Alexander argues that the government failed to explain the discrepancies in the access dates on the computer. Third, Alexander argues that the evidence failed to establish that he intended to download child pornography.

Each of Alexander's arguments about the sufficiency of the evidence fails. First, Alexander's argument as to the chain of custody goes to the weight of the evidence against him and not its admissibility. United States v. Lopez, 758 F.2d 1517, 1521 (11th Cir. 1985). Although Alexander did not challenge the chain of custody at trial, the government presented the testimonies of two witnesses who

2

established the chain of custody. Second, the government presented the testimony of a Special Agent of the Federal Bureau of Investigation to explain the access dates of the pornographic files on Alexander's computer, and the jury was free to believe that agent's testimony. Third, the evidence supports the finding that Alexander intended to download child pornography. Alexander's computer contained between several hundred and several thousand pornographic images, most of which were images of children, including the 13 images described in the indictment; Alexander admitted that child pornography was downloaded to his computer; and the jury was free to disbelieve Alexander's testimony that he did not view or intend to obtain the images. United States v. Williams, 390 F.3d 1319, 1325 (11th Cir. 2004) ("[A] statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt."). Alexander's conviction was not a manifest miscarriage of justice.

Alexander argues that the district court clearly erred when it applied three specific-offense enhancements at sentencing: an enhancement for material that shows children under the age of 12, § 2G2.4(b)(1), an enhancement for material that shows sadistic or masochistic images, § 2G2.4(b)(4), and an enhancement for an amount of images exceeding 600, § 2G2.4(b)(5)(D). Alexander argues that he did not intend to receive images of children under the age of 12, the pornography

3

was not sadistic or masochistic, and the district court should not have applied the enhancement for an offense exceeding 600 images because the district court did not review the contents of the computer. Each argument fails.

Under section 2G2.4(b)(1), "[i]f the material involved a prepubescent minor or a minor under the age of twelve years," the offense level is increased by two levels. The evidence at trial and sentencing established that the pornographic materials on Alexander's computer contained material involving prepubescent minors. Although Alexander asserts that he did not search for these images, he knew that images of prepubescent children were included in the images he was downloading. The district court did not clearly err in applying this enhancement.

Under section 2G2.4(b)(4), if the material "portrays sadistic or masochistic conduct or other depictions of violence," then the offense level is increased by four levels. Any image that shows (1) a young child and (2) portrays vaginal or anal penetration warrants this enhancement. See United States v. Hall, 312 F.3d 1250, 1262-63 (11th Cir. 2002). One of the images possessed by Alexander and charged in the indictment depicted an adult male anally penetrating a boy. The presentence investigation report also reported that Alexander's computer contained images of adults anally and vaginally penetrating young children. The district court did not clearly err when it applied this enhancement.

4

Under section 2G2.4(b)(5), if the offense involved 600 or more images, the offense level is increased by 5 levels. The evidence at trial established that Alexander's computer contained several hundred to several thousand images. The probation officer, who prepared the presentence investigation report, reviewed the computer and found there were 2,515 images of child pornography. Although Alexander disputed this amount, he did not present any evidence to the contrary. The district court did not clearly err when it adopted the finding of the probation officer, see United States v. Newsome, 998 F.2d 1571, 1578 (11th Cir. 1993), and enhanced Alexander's sentence.

Alexander's conviction and sentence are

**AFFIRMED.**